UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUSTAVO CAMPOS, | ) |
| | ) |
| Petitioner, | ) No. 09 C 7778 |
| | ) |
| v. | ) |
| | ) Judge John W. Darrah |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner Gustavo Campos's *pro se* Motion to reconsider

the denial of Campos's § 2255 petition. Campos brings this Petition asserting that Campos's

attorneys, Daniel Radakovich and Nishay Sanan, were ineffective because: (1) counsel failed to

raise a statute of limitations defense; (2) counsel failed to raise an objection under the Speedy

Trial Act; (3) counsel failed to submit a jury instruction based on *Pinkerton v. United States,*

328 U.S. 640 (1946) (*Pinkerton*); and (4) counsel was ineffective in failing to inform Campos of

his ability to plead guilty.

### BACKGROUND

The facts in this case were more fully set out by the Seventh Circuit Court of Appeals in

*United States v. Campos,* 541 F.3d 735 (7th Cir. 2008). Campos was convicted in 2005 for his

role as a leader of a large-scale cocaine distribution conspiracy. This conspiracy lasted from

2001 into the early part of 2004. The conspiracy consisted of three phases. Phase one of the

conspiracy began in December 2001 and lasted until March 1, 2002. During phase one, Campos

ordered his co-conspirators to transport drugs in a semi-trailer from Texas to Chicago and to

transport money in a semi-trailer back to Texas from Chicago. In February 2002, the DEA seized one of Campos's semi-trailers, which was loaded with 250 kilograms of cocaine.

Campos began phase two of the conspiracy, lasting from March 1, 2002 to June 10, 2003. Phase two of the conspiracy used rental cars to transport drugs from Texas to Chicago and to transport money from Chicago to Texas. On June 10, 2003, the DEA seized one of Campos's rental cars, which contained approximately $135,000 in cash.

In July 2003 to February 10, 2004, Campos began phase three of the conspiracy and once again used semi-trailers to transport drugs from Texas to Chicago and to transport money from Chicago to Texas. Campos utilized a warehouse located at 4800 S. Central Avenue, Chicago, Illinois, to unload the drugs from the semi-trailers. On February 10, 2004, DEA agents searched the warehouse and seized 325 kilograms of cocaine and 3.7 kilograms of marijuana. Campos was arrested that night, and the operations of the conspiracy ceased.

Campos was sentenced to a term of life imprisonment for his role as the leader in the cocaine-distribution conspiracy. On October 1, 2006, Campos, through his lawyer, Nishay Sanan, appealed his conviction and sentence. On September 3, 2008, the Court of Appeals for the Seventh Circuit affirmed the conviction and sentence. On December 1, 2008, a petition for writ of certiorari was filed; and on January 12, 2009, the writ of certiorari was denied.

Campos filed a timely 28 U.S.C. § 2255 Motion. On May 27, 2010, this Court denied Campos's § 2255 motion. On June 4, 2010, Campos received the denial of his § 2255 motion; but the memorandum opinion and order was not attached. Campos did not receive the opinion denying his § 2255 motion until June 24, 2010. On July 14, 2010, Campos requested an

extension to file a Rule 59(e) motion, which was denied on August 18, 2010. Campos filed this current motion based on Rules 59(e) and 60(b) on August 11, 2010.

## ANALYSIS

A motion challenging the merits of a district court order will be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (*Mares*) (citing *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1993) (*Deutsch*)). Rule 59(e) states, in pertinent part, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "If a motion challenging a judgment on the merits is served after 28 days of the rendition of judgment, the motion falls under Rule 60(b)." *Jurcich v. Spaeller*, No. 09-cv-508-DRH, 2010 WL 2293423, at *1 (S.D. Ill. June 4, 2010) (citing *Mares*, 34 F.3d at 535); *see also Deutsch*, 981 F.2d at 300-01. Petitioner's § 2255 petition was denied on May 27, 2010; and Petitioner was notified on June 4, 2010. Petitioner received the memorandum opinion and order on June 24, 2010. The motion before this Court was filed on August 11, 2010. Therefore, from either May 27, 2010 or June 24, 2010, more than 28 days elapsed before Petitioner filed his current motion. Therefore, Petitioner's motion must be considered under Rule 60(b) rather than Rule 59(e).

Rule 60(b) states, in pertinent part, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Petitioner does not claim any of these circumstances. Rather, Petitioner argues that the Court was mistaken in dismissing the § 2255 petition and that the Court failed to address the issues in his prior petition. However, a belief that the court was mistaken as a matter of law in dismissing the original

3

petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)." *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.1964), *cert. denied*, 379 U.S. 852 (1964). Therefore, Petitioner's Rule 60(b) motion must be denied.

Furthermore, even if the Court were to consider Petitioner's substantive arguments, he would still not prevail. Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must show both: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688-94. The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable, considering all of the circumstances. Counsel's conduct is presumed to satisfy professional standards. *Id.* at 688-89. To demonstrate actual prejudice, a defendant must show that his counsel's performance was objectively unreasonable and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 696.

Campos contends that counsel's failure to object based on the statute of limitations delineated in 18 U.S.C. § 3282(a) rises to the level of ineffective assistance of counsel. Campos argues that because 21 U.S.C. § 846 provides no overt act requirement for proving a conspiracy, the government could not argue that Campos was involved in an ongoing conspiracy. Campos asserts that because Congress deliberately omitted an overt act requirement for a conspiracy under 21 U.S.C. § 846, the agreement itself was the criminal act and thus the statute of limitations would begin to run at the moment the agreement was made. Decisions of this circuit indicate the contrary.

"With respect to conspiracy statutes [such as § 846] that do not require proof of an overt act, . . . [t]he conspiracy may be deemed to continue as long as its purposes have neither been

4

abandoned nor accomplished." *United States v. Brock*, 782 F.2d 1442, 1445 (7th Cir. 1986) (*Brock*) (quoting *United States v. Coia*, 719 F.2d 1120, 1124 (11th Cir. 1983), *cert. denied*, 466 U.S. 973 (1984)). In *Brock*, the court held, "[T]here was no pre-indictment delay from the completion of the offense to the date of the indictment because the offense may be considered to have continued up to the indictment." *Id.* at 1445; *see also United States v. Barefield*, 6 Fed. Appx. 351, 353 (7th Cir.2001) ("There is an exception, however, for 'continuing offenses,' and it is well established that a conspiracy continues for statute-of-limitations purposes so long as any action is taken in furtherance of the conspiracy."); *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) ("[T]he classic example of a continuing offense is a conspiracy."); *United States v. McNair*, 605 F.3d 1152, 1213 (11th Cir. 2010) ("[F]or conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitation if the conspiracy is alleged to have continued into the limitations period.") (citation and internal quotation marks omitted); *United States v. Seher*, 562 F.3d 1344 (11th Cir. 2009) ("[T]he government satisfies the requirements of the statute of limitations for a non-overt act conspiracy if it alleges and proves that the conspiracy continued into the limitations period.").

The facts of this case indicate that beginning in 2001, Campos ordered co-conspirators to transport drugs and money between Texas and Chicago. These operations continued until Campos was arrested on February 10, 2004. Campos was indicted on May 10, 2004. The offense and indictment were well within the five-year requirement of the statute of limitations. Accordingly, counsel's failure to raise an objection based on the statute of limitations does not constitute ineffective assistance of counsel under *Strickland*.

Next, Campos argues that counsel's failure to object on grounds of violation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(b) constitutes ineffective assistance of counsel.

Section 3161(b) of Title 18 states, in pertinent part, "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

Section 3161(h) also provides for an ends-of-justice continuance. "This provision permits a district court to grant a continuance that excludes from the speedy-trial clock the resulting delay when the court makes 'findings that the ends of justice are served.'" *United States v. Jordan*, 544 F.3d 656, 663 (6th Cir. 2008) (quoting 18 U.S.C. § 3161(h)(7)). The court must have on the record, either orally or in writing, its reasons for granting the extension. *Zedner v. United States*, 547 U.S. 489, 507 (2006). Also, in determining whether the post-arrest delay is excessive and violates the defendant's constitutional rights, the Supreme Court set forth four factors: (1) the length of delay; (2) the government's reasons and motive for delay; (3) whether the defendant asserted his right for a speedy trial; and (4) the prejudice suffered by the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The facts indicate Campos was arrested on February 10, 2004; and an indictment was filed against him on May 11, 2004. In the Government's Response to Campos's prior 28 U.S.C. § 2255 motion, an affidavit by Campos's counsel indicates the Government, after Campos's arrest, sought a sixty-day extension within which to seek the return of an indictment and was granted the extension.

Campos correctly asserts that the docket sheet for *United States v. Campos*, 04 CR 156, does not reveal a motion or order asking for an extension of time. Campos argues that the Government acted in bad faith in filing its motion for an extension. These arguments, however,

do not demonstrate Campos's counsel as deficient, nor do they lend credence to Campos's argument that his counsel's performance prejudiced him.

Even if Campos's counsel had raised an objection to the extension of time granted to the Government to secure an indictment, the Government presented an affidavit from Campos's attorney specifically stating that the Chief Judge of this district granted the Government's request of a sixty-day extension of time within which to seek the return of an indictment. Likewise, Campos is not prejudiced by the delay and fails to show, in his motion, that but for his counsel's alleged errors, the results would have been different. Thus, Campos's attorneys' failure to raise a Speedy Trial Act violation does not constitute ineffective assistance of counsel under *Strickland*.

Campos argues that counsel was ineffective for failing to move for a "limited co-conspirator liability instruction" pursuant to *Pinkerton*, 328 U.S. 640 (1946). Campos maintains this Court failed to determine the specific amount and individual amount of drugs attributed to Campos and that counsel's failure to object rises to the level of deficiency necessary to invoke *Strickland*.

Campos's argument is without merit. The jury was given a *Pinkerton* instruction. *See Campos*, 541 F.3d at 744-45. Also, Campos's attorney, Nishay K. Sanan, filed objections with the trial court, specifically stating, "[D]efendant objects to lines 206-212 holding defendant accountable for a quantity in excess of 150 kilograms. The Court is required to make an individual determination of the relevant conduct for each defendant." Sanan, *Objections and Corrections to Pre-Sentence Report and Position Paper Relative to Sentencing*, 2006 WL 4734124.

Campos cannot argue that counsel's conduct was insufficient when the objection Campos argues should have been raised was in fact raised. Therefore, Campos's claim does not demonstrate ineffective assistance of counsel under *Strickland*.

Lastly, Campos argues that he received ineffective assistance of counsel due to counsel's misadvising him about his plea options. Campos argues that he would have pleaded guilty had his counsel advised him it was possible with or without a plea agreement.

Counsel's conduct is presumed to satisfy professional standards. *Strickland*, 466 U.S. at 688-89. To demonstrate actual prejudice, a defendant must show that his counsel's performance was objectively unreasonable and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

Campos argues that an abundance of objective evidence indicates his willingness to plead guilty without a plea agreement but fails to offer objective evidence indicating that counsel's advice and performance were deficient. Instead, Campos attacks the validity of his counsel's affidavits that indicate Campos was informed of his ability to plead guilty with or without a plea agreement.

Without a showing that Campos's counsel's performance was objectively unreasonable, the deferential scrutiny of counsel's performance leads to the only conclusion that counsel did not render ineffective assistance under *Strickland*.

## CONCLUSION

For all the reasons stated above, Campos's Motion pursuant to Federal Rule of Civil Procedure 60(b)(1) is denied.

Date: _October 13, 2010_

JOHN W. DARRAH
United States District Court Judge